**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4761**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONALD R. JORDAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:15-cr-00056-IMK-MJA-1)

Submitted:  June 28, 2017                       Decided:  July 21, 2017

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Weirton, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald R. Jordan entered a conditional guilty plea to possession of counterfeit notes with intent to defraud, in violation of 18 U.S.C. § 472 (2012). *See* Fed. R. Crim. P. 11(a)(2). He appeals the district court's denial of his pretrial motions to dismiss the indictment for an alleged violation of Article III(a) of the Interstate Agreement on Detainers Act (IADA) and to suppress evidence obtained without a search warrant. We affirm.

"We review the district court's factual findings on a motion to dismiss an indictment for clear error, but . . . its legal conclusions de novo." *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (internal quotation marks omitted). Article III(a) of the IADA requires that a state prisoner charged with a federal offense against whom a detainer is lodged be tried for the federal offense within 180 days of the prisoner's request for final disposition, with the exception of "any necessary or reasonable continuance" granted upon a showing of good cause in open court in the presence of the prisoner or his counsel. 18 U.S.C. app. 2, § 2, art. III(a) (2012). If the trial does not occur within the required time period, the charge must be dismissed with prejudice. 18 U.S.C. app. 2, § 2, art. V(c) (2012).

The district court scheduled Jordan's trial to begin seven days after the expiration of the 180-day period. However, Jordan waived his rights under Article III(a) when defense counsel agreed to that date. *See New York v. Hill*, 528 U.S. 110, 115 (2000). Jordan's argument that he did not waive these rights because he preserved his objection by filing a request for disposition is unavailing. *See id.*

We also conclude that Jordan's Fourth Amendment claim lacks merit. "When a district court has denied a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error[,] . . . view[ing] the evidence in the light most favorable to the government . . . ." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (citation omitted). With some exceptions, "warrantless searches and seizures are *per se* unreasonable" under the Fourth Amendment. *United States v. Richardson*, 607 F.3d 357, 364 (4th Cir. 2010) (internal quotation marks omitted). However, because the Fourth Amendment limits only government action, and "does not protect against searches, no matter how unreasonable, conducted by private individuals acting in a private capacity," evidence obtained through private searches need not be excluded from trial. *Id.*

The district court did not err in denying Jordan's motion to suppress the contents of the bag at issue because private actors—two children and their mother—conducted the initial search in their private capacities. Because the Fourth Amendment does not protect against searches by private actors, whether Jordan had abandoned the bag or continued to have a reasonable expectation of privacy in it is irrelevant. *See Richardson*, 607 F.3d at 364.

Accordingly, we affirm the district court's judgment and its order denying Jordan's pretrial motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

3